IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYN MAWR EQUIPMENT FINANCE, INC., : <br>     *Plaintiff,* : <br> : <br> v. : <br> : <br> PREFECT LODGING LLC AND : <br> SHAILESH PATEL, I/J/S, : <br>     *Defendants.* : | CIVIL ACTION <br><br><br><br> No. 21-0262 |

## MEMORANDUM

### I.  Introduction

This action arises from Defendants' breach of the Master Equipment Finance Agreement it entered into with Plaintiff on April 1, 2019 and modified on April 15, 2020. Defendant Shailesh Patel, Prefect Lodging's principal agent, also executed a Personal Guaranty in favor of Plaintiff to induce Plaintiff to enter into the Agreement with Prefect Lodging and become one of its creditors.

Plaintiff filed the instant case against Prefect Lodging LLC and its principal agent, claiming damages as a result of the breach of contract. Defendants admit that federal diversity jurisdiction exists in this case, but deny that venue is proper pursuant to 28 U.S.C. § 1391.

On June 14, 2021, this Court conducted a twenty-four-minute bench trial, in which Plaintiff presented one witness and Defendants did not participate. Having

conducted the bench trial, reviewed the parties' proposed findings of fact and conclusions of law, and examined the relevant law, this Court finds as follows:

## II.     Findings of Fact

*Plaintiff's Witness*

1. Plaintiff's President and sole witness, James Zelinskie, credibly testified that Bryn Mawr Equipment Finance served as a creditor for Defendant Prefect Lodging LLC.  Trial Tr. at 8.

2. Defendant Patel, as the managing and sole member of the Defendant LLC, made payments to Plaintiff in August, September, and October 2020, in accordance with the modified agreement, and then stopped all payments.  Trial Tr. at 10.  The three payments that were made were each in the amount of $2,239.64.  ECF No. 15 at 1; ECF No. 15-4 ("Exhibit D").

3. As of November 5, 2020, when the fourth payment was due and was not made, 44 monthly payments remained due, each in the amount of $2,239.64, for a total gross balance due of $98,544.16.  ECF No. 15 at 1; Exhibit D.

4. The contract also requires payment of late fees at a rate of 10% beginning ten days after nonpayment.  Trial Tr. at 11–12; ECF No. 15-1 ¶ 20 ("Exhibit A").  As of June 14, 2021, the sum of the late charges was $1,343.76.  Trial Tr. at 12; ECF No. 15 at 2.

5. The contract also requires the borrower to pay reasonable attorney's fees in the event of the borrower's default at a rate of 20%, for a total of $19,798.42. Trial Tr. at 12; Exhibit A ¶ 16.

6. The contract also requires the borrower to pay court costs in the event of borrower's default, in the amount of $402.00, and process server fees in the amount of $142.50. Trial Tr. at 12; Exhibit A ¶ 16.

7. The sum of all payments owed by Defendants to Plaintiff, which is the amount Plaintiff seeks in damages, is $120,230.84. Trial Tr. at 12–13; ECF No. 15 at 2.

8. The contract that Defendant Patel signed on behalf of himself and the LLC contained choice of law and choice of forum provisions stating the following:

> This equipment finance agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. Borrower agrees that any actions or proceeding to which creditor is a party arising directly or indirectly from this equipment finance agreement, shall be litigated, at creditor's option, in any state or federal court located in Montgomery County, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania, and that said court shall have jurisdiction thereof.

ECF No. 15 at 8.

### III. Conclusions of Law

1. Plaintiff asserts a claim against Prefect Lodging LLC in which it alleges that Prefect Lodging defaulted under the Master Equipment Finance

Agreement by failing to pay the payment that was due on November 5, 2020 and all payments due thereafter.  ECF No. 1 at 3.  Consequently, it demands judgment against Prefect Lodging and an award of damages.  *Id*.

2. Plaintiff asserts a claim against Shailesh Patel, Prefect Lodging's principal agent, demanding judgment against Patel and an award of damages.  ECF No. 1 at 4.

4. Defendants were served with the summons and complaint in Louisiana.  ECF Nos. 4, 5.

5. This Court has diversity jurisdiction over the subject matter and the parties to this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Pennsylvania, Defendant Prefect Lodging LLC is a limited liability company with its principal place of business in Louisiana, and Defendant Patel is an individual who resides in Louisiana.  ECF No. 1 at 2.  Additionally, the amount is controversy exceeds the sum or value of $75,000.  ECF No. 1; ECF No. 15 at 2; Trial Tr. at 12.  Defendant consented to jurisdiction in the Eastern District of Pennsylvania.  Exhibit A ¶ 29.

7. Venue is proper in the Eastern District, pursuant to 28 U.S.C. § 1391.

8. Defendants had notice of the choice of law and choice of forum provisions because Defendant Patel signed the Agreement on behalf of himself and the LLC. Exhibit A ¶ 29.

9. It is well-settled under Pennsylvania law that a cause of action for breach of contract requires a showing of the existence of a contract, including its essential terms, a breach of a duty imposed by the contract, and resultant damages. *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010) (citing *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. Super. 2005).

10. The Court finds by a preponderance of the evidence that a contract with essential terms existed between the parties, as evidenced by the text of the Agreement and the fact that Defendant Patel signed the modified agreement on behalf of himself and Defendant Prefect Lodging LLC. Trial Tr. at 7–9; Exhibits A and B.

11. The Court finds by a preponderance of the evidence that the Defendants breached the Modified Master Equipment Finance Agreement by failing to pay the payment due on November 5, 2020 in the amount of $2,239.64 and all payments due thereafter. Trial Tr. at 10; Exhibit D.

12. The Court further finds by a preponderance of the evidence that Plaintiff suffered damages in the amount of $120,230.84 as a result of Defendants'

failure to pay in accordance with the modified agreement.  Trial Tr. at 12–13; ECF No. 15 at 2.

13.     Defendants are liable to Plaintiff for $120,230.84 in compensation for the damages Plaintiff suffered as a result of Defendants' breach of the modified agreement.  This award fairly and adequately compensates Plaintiff for all damages sustained.

14.     Accordingly, judgment in the amount of $120,230.84 is properly entered in favor of Plaintiff and against Defendants as compensation for the damages that Plaintiff suffered from the breach of the modified agreement.

15.     An Order will follow.

DATED: **August 10, 2021**

BY THE COURT:

/s/ Chad F. Kenney
_____
CHAD F. KENNEY, J.